UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                        REPORT AND
                                                                       RECOMMENDATION
            -against-                      09 CV 1173 (SLT) (RML)

JIMMY L. METCALF,

                Defendant.
-------------------------------------------------------X
LEVY, United States Magistrate Judge:

        The United States commenced this action on March 16, 2009, seeking the recovery of $1,305.34 in student loan debt, plus interest and costs. (See Complaint, dated Mar. 12, 2009 ("Compl.").) To date, defendant Jimmy L. Metcalf ("defendant") has not answered the complaint. On September 21, 2009, the United States moved for a default judgment, and by order dated April 12, 2010, the Honorable Sandra L. Townes, United States District Judge, referred the motion to me for a report and recommendation.

        I issued a scheduling order, directing defendant to respond to the motion by May 28, 2010. When defendant did not file any response, I scheduled a conference for July 12, 2010. Defendant failed to appear for the conference or to contact the court to request an adjournment. Plaintiff's counsel reported that defendant had not responded to counsel's attempts to contact him since the filing of the lawsuit.

        I have reviewed plaintiff's submissions, and I find that a default judgment is warranted. Plaintiff has demonstrated that defendant was properly served with the summons and complaint. (Affidavit of Service of Alvin D. Gonzalez, sworn to July 13, 2009.) In addition, a Clerk's Certificate confirms that defendant has not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired. (Clerk's Certificate, dated Apr. 8, 2010.)

        It is well settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir.

1992); Time Warner Cable of N.Y. City v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).

Here, the complaint establishes that defendant owes the principal amount of $1,305.34. (Compl. ¶ 3.) Plaintiff executed promissory notes borrowing that total amount with interest accruing at the rate of three percent per annum. (See Certificate of Indebtedness, dated February 3, 2009, annexed to the Compl. as Ex. 1.) Plaintiff calculates the interest as $754.19, and I find that calculation accurate. (See Declaration of Liberatore J. Iannarone, Esq., dated Sept. 18, 2009, ¶ 5.) Plaintiff also seeks to recover administrative costs and disbursements of $29.00, as well as the $350.00 filing fee. (Id.)

I find these amounts reasonable. I therefore respectfully recommend that plaintiff's motion be granted and that judgment be entered against defendant in the amount of $2,438.53. Any objection to this report and recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Townes and to my chambers, within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, NY
       August 13, 2010